UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY THOMAS SHELDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.  1:22-cv-01868 (UNA) |
| ) | |
| ) | |
| K. ZOOK, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioner, who is a federal prisoner currently designated to the Englewood Federal Correctional Institution located in Littleton, Colorado, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  In the petition, he challenges his loss of good time credits and other privileges, and his placement in administrative segregation, arising from disciplinary proceedings at his former prison, the Federal Correctional Institution located in Seagoville, Texas ("FCI Seagoville"). He names as respondents to his petition the warden of FCI Seagoville and the Federal Bureau of Prisons, arguing that he was innocent of the administrative charges and that the sanctions imposed were retaliatory.  He further challenges his classification as a sexual offender under PS 5324.10. (And, while not in his petition specifically, he argues in his memorandum, ECF No. 4, that, as a result of this classification, respondents have violated his constitutional rights and the Administrative Procedure Act ("APA") by assigning him to a Correctional Management Plan ("CMP") and have also unjustly subjected him to disciplinary sanctions for refusing to adhere to the CMP's requirements.)  He demands mandamus relief and seeks the reversal of these sanctions and demands that his record be expunged of any administrative infractions.

First, to the extent that petitioner challenges an incorrect calculation of his good-conduct time credits, because the claim must proceed as one for habeas corpus under 28 U.S.C. § 2241, *see Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809–10 (D.C. Cir. 1988) (relying on *Preiser v. Rodriguez*, 411 U.S. 475, 489–90 (1973)), this Court lacks jurisdiction over that claim. This is because "[a] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see also Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief").

Second, petitioner's challenges to his classification as a sex offender and to the conditions of his CMP must also be dismissed. Petitioner has already, and recently, presented a nearly identical challenge in the United States District Court for the Northern District of Texas. *See Sheldon v. Underwood, et al.*, 3:19-CV-2041-M-BH (filed Aug. 27, 2019). The Northern District of Texas dismissed that matter *with prejudice*, as frivolous and for failure to state a claim, on May 24, 2022, *see* at Dkt, ECF Nos. 49, 52, 53–54, and petitioner has since appealed that decision to the United States Court of Appeals for the Fifth Circuit, where it is still currently pending, *see id.* at ECF No. 6 (Notice of Appeal filed June 1, 2022).

"[U]nder *res judicata,* 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Drake v. FAA,* 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)) (emphasis omitted). And despite petitioner's general invocation of the APA in his

petition, and his specific invocation in his memorandum, he cannot escape the preclusive effect of *res judicata* by raising a different legal theory or seeking a different remedy that was available to him in the prior action. *See U.S. Indus., Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 (D.C. Cir. 1985). Moreover, "national policy" cases are not automatically heard in this District, particularly where, as here, the challenge to the "BOP policy is really an attack on the implementation of that policy, rather than its formulation." *Coltrane v. Lappin*, 885 F. Supp. 2d 228, 236 n.9 (D.D.C. 2012) (internal quotation marks and citation omitted)

Put simply, because petitioner's claims were brought or could have been brought in his prior lawsuit, they are now barred. And to the extent that they are pending for review before the Fifth Circuit, "[d]istrict courts have the discretion to dismiss a pending action when faced with parallel litigation of factually related actions filed in two separate forums." *Stone & Webster, Inc. v. Ga. Power Co.*, 965 F. Supp. 2d 56, 60 (D.D.C. 2013), *aff'd*, 779 F.3d 614 (D.C. Cir. 2015). This is of particular importance where, as here, "[l]urking underneath the surface . . . is more than a hint of forum-shopping." *Lockey v. Fudge*, No. 20-cv-03193, 2021 WL 2514685, at *4 n.8 (dismissing case and noting that the plaintiff's "lack of success" in another district court did not justify the filing of "related litigation" in this District).

Additionally, and despite the inclusion of a federal agency as a respondent, this case presents a controversy with no meaningful connection to the District of Columbia. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue). Courts in this jurisdiction must examine personal jurisdiction and venue carefully to guard against the danger that a petitioner might manufacture venue in the District of Columbia. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). By naming a federal government agency or official, a petitioner could attempt to bring a suit in the District of Columbia that should properly

be pursued elsewhere. *See id.*; *see also Ortiz-Contreras v. Holder*, 126 F. Supp. 3d 127, 131 (D.D.C. 2015) ("And venue is improper in the District of Columbia because not all of the Defendants reside here and because there are other districts where venue is proper.").

Finally, petitioner is not entitled to mandamus relief. Although petitioner filed a habeas petition, that petition does seek mandamus relief. But even assuming that he properly sought a writ of mandamus, the Court must address the petition according to its content, rather than its label, *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted. Petitioner only addresses these elements in a cursory manner, *see generally* Memorandum, ECF No. 4, and he, in fact, has had alternative and adequate remedies, including, but not limited to, attempted remedy through § 2241 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Consequently, he may not pursue this action by alternatively seeking a writ of mandamus.

For all of these reasons, petitioner's IFP application is granted, and this case will be dismissed. A separate order accompanies this memorandum opinion.

Date: July 28, 2022

_____/s/_____
CARL J. NICHOLS
United States District Judge